**UNITED STATES of America, Plaintiff,**

v.

**Lucius Elmo PEARSON, Defendant.**

**No. 96–298–CR.**

United States District Court,
S.D. Florida.

May 30, 1997.

**499**

Lynn Rosenthal, Asst. U.S. Atty., Miami, FL, for Plaintiff.

Robert Barar, Miami, FL, for Defendant.

## *ORDER DENYING MOTION TO SUPPRESS POST-ARREST STATEMENTS*

MORENO, District Judge.

Defendant Lucius Pearson, a former United States Postal Service employee retired on a work-related disability, is charged with various counts of fraud and false statements. At his initial court appearance the Defendant, through counsel, invoked his constitutional rights to remain silent and to have an attorney present at any interrogation. The invocation of the Defendant's constitutional rights was formally relayed to the assigned prosecutor, who in turn conveyed the same information to the postal inspectors investigating the allegations that formed the basis of the indictment. The issue pending before the Court is whether the Defendant's statements to the postal inspectors after the Defendant formally invoked his constitutional rights should be excluded. Because the Court finds that the statements were voluntary and were not obtained in violation of the United States Constitution, the motion to suppress the statements made by the Defendant on May 3, 1997 is DENIED.

## *FACTUAL BACKGROUND*

There are few, if any, factual disputes. Postal inspectors Richard Koss and Guy Nelson were investigating criminal wrongdoing related to the Defendant's charges. In conducting that investigation the inspectors attempted to interview various tenants of the Defendant. This house-to-house investigation occurred in the Defendant's neighborhood on May 3, 1997. During the course of this investigation the postal inspectors were confronted by the Defendant, who asked why they were there. The inspectors properly identified themselves and advised the Defendant repeatedly that based on the prior invocation of his constitutional rights, he should speak to his attorney. The Defendant disregarded the inspectors repeated advice and described for approximately 10–15 minutes his involvement in the events charged in the indictment. One of the inspectors took notes of the conversation and both inspectors testified at the suppression hearing. No one was called by the defense.

## *FACTUAL FINDINGS*

The Court finds the testimony of both Inspectors Richard Koss and Guy Nelson credible. The Defendant does not dispute the factual recitation by the agents but simply asks the Court to conclude that a 15 minute post-arrest conversation, where notes are taken by one agent, should be considered a custodial interrogation in violation of the Defendant's previously-invoked constitutional rights to remain silent and to have an attorney present during any interrogation.

## *LEGAL CONCLUSIONS*

Determining the admissibility of a postarrest confession requires a two-part inquiry. *United States v. Sims,* 719 F.2d 375, 378 (11th Cir.1983) (per curiam), *cert. denied,* 465 U.S. 1034, 104 S.Ct. 1304, 79 L.Ed.2d 703 (1984). The Court first decides whether the law enforcement officers complied with the requirements of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); if so, the Court then determines if the confession was voluntary. Whether a confession is voluntary depends on "whether, under all of the surrounding circumstances, the statement was the product of the accused's 'free and rational' choice." *United States v. Vera,* 701 F.2d 1349, 1364 (11th Cir.1983).

■ The Fifth Amendment privilege against self-incrimination provides that no person shall be compelled in any criminal case to be a witness against himself. Under *Miranda*, law enforcement officials must inform a custodial suspect of his various constitutional rights. There is no dispute that no formal recitation of the *Miranda* warnings was given by the inspectors immediately prior to the Defendant's statements on May 3, 1997. However, the inspectors did advise the Defendant that he should not talk to them and that he should speak with his attorney first. Obviously, the inspectors advised the Defendant of this right because the assigned prosecutor had informed them of the Defendant's prior invocation of his rights to remain silent and to counsel. Nevertheless, the Defendant proceeded to provide his version of the events.

Based on these facts, defense counsel suggests that a criminal investigator's only alternative, when presented with a talkative defendant, is to run away from the Defendant and refuse to hear the Defendant's voluntary statement. The Constitution imposes no such obligation on criminal investigator and neither will this Court.

Because the Defendant was previously advised of his rights and voluntarily disregarded them, the Defendant's statements are admissible. The United States Constitution does not impose an obligation on government agents to avoid their responsibilities and turn a deaf ear to a voluntary statement from a defendant. The Fifth Amendment prohibits testimony from being compelled, and it is clear from the facts of this case that Pearson's statements were not compelled. In addition, the Sixth Amendment provides a right to counsel, and it is equally clear that Pearson did not want to exercise that right on May 3, 1997.

■ The encounter between the postal inspectors and the Defendant did not constitute an interrogation for purposes of the Fifth Amendment and therefore did not require *Miranda* warnings. *Baxter v. Thomas*, 45 F.3d 1501 (11th Cir.) (no *Miranda* warnings required when suspect in custody on unrelated charges requests a meeting with police and proclaims knowledge of

crime), *cert. denied* —— U.S. ——, 116 S.Ct. 385, 133 L.Ed.2d 307 (1995). The Defendant waived any right to complain about his own voluntary statement when he decided not to remain silent and spoke without his counsel being present. The Court finds that the Government has proven by a preponderance of the evidence that the Defendant made a knowing, voluntary and intelligent waiver of his *Miranda* rights. *See United States v. Chirinos*, 112 F.3d 1089 (11th Cir.1997).

The Court's conclusion is in accordance with *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), which held that unless an accused initiates further communication with the police, the invocation of a right to counsel bars further interrogation without counsel. Based on *Edwards* the Defendant could argue that his invocation of the right to counsel barred any interrogation. However, here the Defendant initiated the conversation and expressed a willingness to discuss the investigation despite the earlier invocation of his right to counsel. In addition, the Defendant's statements were not in response to any interrogation. Therefore the Defendant waived his right to counsel. *See, Oregon v. Bradshaw*, 462 U.S. 1039, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983).

Even if the 15 minute exchange were to be described as a question and answer session, the answers to the questions should not be excluded. The Defendant's statements were voluntary under the totality of the circumstances. There is no evidence that the postal inspectors obtained the statement by overbearing the Defendant's will. In *Colorado v. Connelly*, 479 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986), the Supreme Court emphasized that a statement is involuntary only if coerced by state actors. Among the factors that the Court considers in assessing whether a statement was voluntary are (1) the location of the questioning; (2)whether *Miranda* warnings were given; and (3) whether the accused initiated the contact with law enforcement officials. Here the Defendant was questioned on the sidewalk near his home. Second, although there was no formal *Miranda* recitation, the postal inspectors advised the Defendant that he should not talk and should speak to his law-

yer. The inspectors' clear warnings satisfies *Miranda v. Arizona.* Third, the Defendant initiated the contact with the postal inspectors.

### CONCLUSION

The Court finds that the Defendant's May 3, 1997 statement was not obtained in violation of the Fifth or Sixth Amendments. The Court specifically finds that the Defendant's statement was voluntarily made after the Defendant knew he had the right to remain silent and the right to have an attorney present. Defendant waived these rights by his actions and his words.

WHEREFORE, the motion to suppress is DENIED.